HEIRS OF VÁZQUEZ, Appellants, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 774. Argued July 12, 1929.—Decided April 30, 1930.

F. Soto Gras and R. Díaz Collazo, for appellants. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

For the second time this matter is brought before us. In

1927 there was presented in the Registry of Property of Guayama a certificate issued by the Commissioner of the Interior for the purpose of recording a certain grant of public lands (*terrenos baldíos*), but the registrar denied the record. The interested parties appealed to this court and the registrar's refusal was affirmed because (to quote from the syllabus)—

"In order that a record may be made in the registry of a grant of public lands presentation must be made of the title deed executed in favor of the grantee or an authenticated copy of the resolution for the grant containing all of the particulars thereof. A simple note made in a record stating that the grant was made and the title was issued is not sufficient." *Bruno et al.* v. *Registrar*, 37 P. R.R. 410.

Thereupon the said parties instituted in the District Court of San Juan a proceeding *ad perpetuam rei memoriam* and obtained therein a favorable decree, the dispositive part of which reads as follows:

"THEREFORE, it is ordered and decreed:

"1.—That it has been satisfactorily proved that the title deed issued by the Superior Board for the Distribution of Public Lands, created by Royal Letters Patent of December 28, 1818, to Don Rafael Vázquez, on June 21, 1867, of the property described herein, has been lost or mislaid, as it has not been found in the Division of Public Lands of the Department of the Interior or in any of the other places mentioned in this decree where they might be found.

"2.—That the said title deed was identical in terms with the one issued to Don Luis Cabaza, who also applied for 100 acres, adjoining those applied for by the predecessor in interest (*causante*) of the petitioners herein.

"3.—That such being the case, the title deed in favor of Don Rafael Vázquez must be held, and it is hereby held, established as of the same tenor as that issued in favor of Don Luis Cabaza, transcribed elsewhere in this order, and to have the same force and effect as the original title deed.

"4.—That the registrar of property of Guayama, on receipt of a certified copy of this order and of record No. 93 together with other documents accrediting the status of the petitioners as shown herein, must record, and he is hereby directed to record, the property above

described in the name of the petitioners, or of their predecessor in interest followed by the successive transfers by inheritance, all by virtue of the title deed hereby declared established in the manner hereinbefore stated, the same as if the original of such document had been presented for record.''

On presentation of the above decree in the registry, the registrar again refused to record the grant, in the following decision:

''The record of the foregoing decree is denied, after considering other supplementary documents submitted, for the following reasons: 1. Because the proceeding *ad perpetuam rei memoriam* authorized by sections 2001 to 2009 of the Law of Civil Procedure for Cuba and Porto Rico, promulgated by Royal Decree of September 25, 1885, is not a proper proceeding for establishing ownership rights, in lieu of the dominion title proceedings prescribed by section 395 of the Mortgage Law now in force. Although the proceeding instituted in this case apparently seeks only the establishment of a lost instrument of title, such an establishment implies the vesting and conferring of a dominion title to real property upon persons, who formerly had none, thereby violating section 2009 of the said Law of Civil Procedure. 2. Because even admitting the legality of the substitution of the proceeding, provided by section 395 of the Mortgage Law, the District Court of San Juan had no jurisdiction to make a declaration of title in regard to real property situated in the municipal district of Salinas, within the registration district of Guayama, in view of the provisions of said section 395, which limits the jurisdiction in dominion title proceedings to the district court of the judicial district where the property is situated. 3. Because even admitting the legality of the said substitution, the facts alleged in support of the proceeding *ad perpetuam rei memoriam* instituted in this case, can not serve as a basis for such proceeding, for the following reasons: (*a*) because they prejudice and affect The People of Porto Rico, which is a determinate and certain person within the purview of the provisions of section 2001 of the said Law of Civil Procedure, and (*b*) because they involve the declaration and acknowledgment of a right. 4. Because any proceeding whereby any right is acknowledged or adjudged to the prejudice of a determinate and certain person, as in the case at bar, without the said person having first been notified, heard and defeated in court, is void and unconstitutional as being contrary to the provisions of section 2 of the Organic

Act of Porto Rico, approved by Congress on March 2, 1917, in so far as the same prescribes that no person shall be deprived of his property 'without due process of law'. 5. Because a proceeding *ad perpetuam rei memoriam* is not recordable in the registry of property because it does not create any status, nor do any orders entered therein ever become final. 6. Because the proceedings taken do not comply with the requirements established by sections 2002, 2003 and 2006 of the said Law of Civil Procedure, by reason of the following omissions: (a) it does not appear that the district attorney was first heard before the proceeding was formally admitted, (b) it does not appear that the evidence was heard with the intervention of the district attorney in the hearing of the proceeding, and (c) it does not appear that the district attorney filed any report approving the proceeding. 7. Because, in view of the reasons set forth in the foregoing subdivisions 1, 2, 3, 4, and 6, the District Court of San Juan exceeded its jurisdiction in allowing and approving the said proceeding, and from the wording and findings of the said decree that court also appears to have exceeded its jurisdiction in considering as proved the facts which constitute the basis of that proceeding and, similarly, in drawing from such facts legal conclusions in favor of the petitioners; also in ordering the record of the proceeding in the registry. By reason of the foregoing the said proceeding is void and without any legal force or effect.''

The above decision shows such a careful study of the problem which the registrar had before him that it really justifies itself.

We agree with the appellants that perhaps a dominion title proceeding is not the only remedy available to them in the present case; but, even so, if the grant was made and the grantee took possession of the land and continued in such possession, the said proceeding sems to be the easiest and most adequate for the purpose of recording their rights in the registry.

We also agree that in a proper case the proceeding *ad perpetuam rei memoriam* may be used for the establishment of a lost instrument; but we do not agree that it can be made the basis of a judicial decree such as the one referred to in subdivision 4 of the dispositive part of the decree above quoted.

"The subject matter of such proceedings," says the Division of Registries of Spain in its decision of October 15, 1875, "is not and can not be the declaration of a right, but the establishment of a fact so long as the same is not controverted by somebody, and judicial authority has no intervention in the matter except to allow and approve the steps and proceedings taken."

At pages 437 to 438 of volume 1 of his treatise on mortgage law (*Legislación Hipotecaria*), Morell expresses himself as follows:

"Judicial orders entered in ex parte matters may be modified at any time; therefore they lack the authority and finality of *res judicata* and can not constitute true title to property, nor are they recordable. (Decisions of October 15, 1875, November 20, 1872, and May 30, 1877.)

"The decision of April 24, 1914, relating directly to proceedings *ad perpetuam rei memoriam,* denies the availability of such proceedings to show the fact of summons to the inheritance of entailed estates (*mayorazgos*), and that of December 20 of the same year declares that said proceedings can not be used to show that an estate is recorded in the registry as a part of a larger one, since prejudice may thereby result to some determinate and certain person who has not been heard.

"The minutes of judicial surveys, according to the decision of March 20, 1901, can only prove the establishment of the boundaries of an estate, but not the ownership or possession thereof.

"It must be concluded, in view of the decisions above cited, that ex parte proceedings generally, and proceedings *ad perpetuam rei memoriam* especially, do not constitute essentially recordable instruments of title and are not available for the purpose of proving the acquisition of real property or real rights (*derechos reales*); but they may be used for other and different purposes, and to aid in the registration of independent titles. Thus we see that section 17 of the present Regulations authorizes the admission to registry of the minutes of a survey for the precise purpose of showing the boundaries of an estate; that the Law of Civil Procedure includes among the ex parte proceedings (*actos de jurisdicción voluntaria*) such matters affecting registration as the alienation of the property of minors, probating of wills, judicial possession, surveys and

distribution of rentals, etc., and that the decision of December 9, 1893, considers that by means of a proceeding *ad perpetuam rei memoriam* there may be shown, for recording purposes, who among the children of certain parents were born after the execution of a will."

According to the former Law of Civil Procedure the proceedings to perpetuate testimony may be taken, *provided they do not relate to acts which may prejudice some determinate person*. In the case at bar it is perfectly clear that The People might be prejudiced by the decree in question; and it can not be maintained that by reason of the intervention of the Commissioner of the Interior, any right that The People might have in the lands involved must be understood to have been waived. The powers of that officer do not extend to waivers of that character.

The decision appealed from must be affirmed.